IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| STEPHEN WALDEN, LESLIE WALDEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED;<br><br>Plaintiffs,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON CORPORATION, BNY MELLON, N.A.,<br><br>Defendants, | 2:20-CV-01972-CRE |

**ORDER**

AND NOW, this 1st day of April, 2024,

Upon consideration of Defendant BNY Mellon's motion for summary judgment (ECF No. 98), it is HEREBY ORDERED that BNY Mellon's motion for summary judgment is granted in part, deferred in part, and denied in part as follows:

IT IS ORDERED that BNY Mellon's motion for summary judgment is GRANTED as to the Plaintiffs' Stephen and Leslie Waldens' (the "Waldens") breach of contract claim that BNY Mellon breached the Agreements by investing in securities of BNY Corp. and GRANTED as to the Waldens' breach of contract claim that BNY Mellon breached the Agreements by failing to make individualized assessments of the Waldens' financial needs.

IT IS FURTHER ORDERED that the Court will defer ruling on BNY Mellon's motion in part on the issue of disgorgement of fees. Considering the position taken by the Waldens that they base their theory of damages for their breach of contract claim and their UTPCPL claims on the disgorgement of fees paid by the Waldens and putative class members to BNY Mellon,

1

supplemental briefing is required for the Court to determine the pending motion for summary judgment and/or motion for class certification.  Accordingly, the parties shall submit supplemental briefing, not to exceed 15 pages, regarding the Waldens' legal entitlement to disgorgement of fees for their breach of contract claim and UTPCPL claims under Pennsylvania law.  The parties shall specifically include citations to binding legal authority that illustrates the Waldens' entitlement or lack thereof to these damages.  The parties shall also brief the impact of a finding that the Waldens are not entitled to disgorgement of fees as either contractual or UTPCPL damages on their motion for class certification.  BNY Mellon's supplemental brief is due **April 15, 2024** brief not to exceed 15 pages.  The Waldens shall respond by **April 29, 2024** brief not to exceed 15 pages.  The motion for class certification is held in abeyance pending the Court's receipt of supplemental briefing.

IT IS FURTHER ORDERED that BNY Mellon's motion for summary judgment is denied in all other respects.

IT IS FURTHER ORDERED that as the Court has filed the entirety of this Memorandum Opinion under seal, the parties shall have until **April 8, 2024** to jointly propose a redacted version of this Memorandum Opinion to be filed publicly.

BY THE COURT:

s/Cynthia Reed Eddy
United States Magistrate Judge

cc:  Counsel of record via CM/ECF electronic filing