IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| STEPHEN WALDEN, LESLIE WALDEN, ) | |
| ) | |
| ) | Civil Action No. |
| ) | 2:20-cv-01972-CBB |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Christopher B. Brown |
| ) | United States Magistrate Judge |
| ) | |
| THE BANK OF NEW YORK MELLON ) | |
| CORPORATION, BNY MELLON, N.A., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION[1]**
**ON ECF No. 210**

**Christopher B. Brown, United States Magistrate Judge.**

## I.    Introduction

Plaintiffs Stephen and Leslie Walden (collectively "the Waldens") seek
certification for interlocutory appeal under 28 U.S.C. § 1292(b) of the Court's order
dismissing the Waldens' class-based contract and UTPCPL claims on the grounds
that the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb(f)(1)
("SLUSA") preempts those claims. ECF No. 210.  The motion is fully briefed and
ripe for consideration. ECF Nos. 209, 211, 214.  For the reasons that follow, the
Waldens' motion is granted.

---

[1]    All parties have consented to jurisdiction before a United States Magistrate Judge; therefore
the Court has the authority to decide dispositive motions, and to eventually enter final judgment.
*See* 28 U.S.C. § 636, *et seq*.

1

## II.    Background

This action was initiated on December 21, 2020 by Plaintiffs Stephen and Leslie Walden (collectively "the Waldens").  The Waldens sought to maintain a class action against Defendants Bank of New York Mellon Corporation and BNY Mellon, N.A. (collectively "BNY") for breach of contract and claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. § 201-1 *et seq*. ("UTPCPL").  This matter centers on investment management services BNY provided to the Waldens as a fiduciary under investment management agreements. The Waldens generally allege that BNY breached the investment management agreements and violated the UTPCPL by failing to disclose certain conflicts of interest when it invested the Waldens' funds in BNY-affiliated mutual funds.

BNY moved to dismiss the Waldens' class claims set forth in the original complaint arguing that the claims were barred by SLUSA. ECF No. 35.  SLUSA generally deprives a federal court of its jurisdiction to hear class actions based on state law alleging a defendant made a misrepresentation or omission in connection with the purchase or sale of covered securities. *See* 15 U.S.C. § 78bb(f)(1).  The Court disagreed with BNY that SLUSA barred the Waldens' class claims.  It found SLUSA did not preempt the class claims because the Waldens had alleged BNY breached its duties by (1) purchasing BNY Securities, (2) failing to make individualized and prudent investment decisions, and (3) using a predetermined program that preferred underperforming affiliated funds and that such claims sounded in breach of contract and fiduciary rather than a material

2

misrepresentation about a security transaction. *Id*. at 8.  Specifically, the Court observed the Waldens claimed BNY had breached the investment agreements and violated the UTPCPL by using the Waldens's funds to purchase "BNY Mellon Securities," purchasing BNY Securities "while operating under an undisclosed conflict of interest" and using a predetermined program that "preferred underperforming, conflicted, affiliated funds that charged excess fees and underperformed other, non-conflicted investment options, rather than making individualized and prudent investment decisions on its clients' behalf[,]" *id*. at 8, and found that SLUSA did not preempt these claims.  The Court found the Waldens were "alleging that [BNY] purchased affiliated funds, and benefitted from those purchases, in violations of both their fiduciary duty to [the Waldens] and an agreement not to purchase those funds[]" and as such, were not material misrepresentations in connection with the securities transactions as required for SLUSA preemption. *Id*.

After the parties conducted discovery, the Court partially granted summary judgment in favor of BNY on the Waldens' claims that BNY breached contracts or violated the UTPCPL by purchasing BNY-affiliated securities or by failing to make individualized and prudent investment decisions by using a predetermined program that preferred underperforming affiliated funds because the Waldens abandoned those claims. ECF No. 178 at 23-25.  The Court partially denied summary judgment and found there was sufficient evidence from which a reasonable jury could

conclude that BNY failed to disclose potential conflicts of interest when it invested in BNY-affiliated mutual funds. *Id*. at 20-21.

After the Court issued its decision on the motion for summary judgment, it held a hearing on the pending motion for class certification.  At the hearing, the Waldens confirmed they intended to proceed solely on the grounds that BNY had a duty to act as a fiduciary under the investment agreements and breached those agreements and violated the UTPCPL by failing to disclose conflicts of interest to the Waldens by purchasing BNY-affiliated funds for its discretionary customer accounts.  In response to these representations, BNY moved to dismiss the Waldens' class claims for lack of subject matter jurisdiction under SLUSA.  BNY argued the Waldens' narrowed claim related to undisclosed conflicts were not allegations the Court previously relied upon in denying BNY's SLUSA argument at the original motion to dismiss stage and raised that argument again.  The Court agreed with BNY that the Waldens' class claims were preempted by SLUSA, dismissed those claims and denied the Waldens' motion for class certification as moot. ECF No. 190. The Court found that the remaining class claims related to BNY's failure to disclose conflicts of interest for investing in affiliated mutual funds involved a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security and were preempted by SLUSA. ECF No. 189.

In its decision, the Court also noted the Waldens raised another theory of liability related to BNY placing clients' cash balances into BNY-owned cash sweep accounts with higher fees and lower interest rates and failed to disclose the practice

4

("cash sweep account theory"). But the Court did not address that theory because it was not pleaded in the operative complaint and was not properly before the Court. Instead, the Court informed the Waldens if they sought "to litigate [the cash sweep account] claims further, they may file the appropriate motion." ECF No. 189 at 23-25. The Court's Order stated if the Waldens sought to amend their complaint, they "shall file a motion for leave to file a second amended complaint and include the proposed amendment" or shall inform the Court of their intent to proceed with their claims on an individual basis. ECF No. 190 at 1-2.

The Waldens thereafter moved to amend their complaint to include class claims about the cash sweep account theory, which the Court denied.[2] ECF Nos. 204, 205. The Court ordered the parties to submit a joint status report and include therein any joint proposed case management order. ECF No. 205. The parties submitted a joint status report in which the Waldens indicated their intention to file a motion for interlocutory appeal. ECF No. 206. The Waldens filed the present motion for certification of interlocutory appeal seeking certification of the following question of law: "whether SLUSA deprives the Court of subject matter jurisdiction

---

[2]    The Waldens characterize the Court's instructions related to amendment as an "invitation" to "amend their complaint" but that the Court later "prohibited" them "from doing so." ECF No. 209 at 4-5. This characterization is not supported by the record. The Court found SLUSA preempted their class claims and the Waldens' claims related to the cash sweep account theory were not pleaded. Thus, the Court stated the Waldens could file an appropriate motion, could choose to proceed with their claims on an individual basis or could "seek leave" to amend their complaint related to the cash sweep account theory class claims. At no point did the Court give the Waldens carte blanche to file an amended complaint then revoke that permission once they exercised that option, as it is portrayed by the Waldens. Put correctly, the Court gave the Waldens options – one of which was to file a motion for leave, *i.e.*, the Court's permission, to file an amended complaint at this late stage of the litigation. They chose that option and BNY opposed. After considering the proposed amendment and relevant briefing filed by the parties, the Court denied the motion. ECF No. 205.

over Plaintiffs' state law claims related to BNY's failure to disclose its conflicts of interest when it purchased affiliated mutual funds with Plaintiffs' money." ECF No. 209 at 5.

### III.   Standard of Review – Interlocutory Appeals under 28 U.S.C. § 1292(b)

A federal district court may certify a non-final order for appeal if the court determines it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). Certification under section 1292(b) is only appropriate when "(1) the issue involve[s] a controlling question of law; (2) as to which there are substantial grounds for difference of opinion; and (3) an immediate appeal of the order may materially advance the ultimate termination of the litigation." *Simon v. United States*, 341 F.3d 193, 199 (3d Cir. 2003).

The decision to certify an order for appeal under section 1292(b) is discretionary and the "burden is on the movant to demonstrate that a [section] 1292(b) appeal is warranted." *Orsen, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 320 (E.D. Pa. 1994) (cleaned up).  Thus, the Waldens must "demonstrate that 'exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of final judgment.' " *Douris v. Schweiker*, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002) (quoting *Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1112 (E.D. Pa. 1992)).

## IV.    Discussion

### a.  Whether certification under section 1292(b) is appropriate

Before the Court discusses the section 1292(b) factors for certification, there is a threshold issue that must be first discussed: whether an interlocutory appeal under section 1292(b) is available given the procedural posture of this case. According to BNY, there is no interlocutory order to appeal, and final judgment should be entered in its favor. ECF No. 211 at 9-12.

While BNY's argument is well-taken, the Court disagrees that there is no basis from which to seek certification for an interlocutory appeal.  In the order granting BNY's motion to dismiss the class claims as preempted by SLUSA, the Court directed the Waldens that if they sought to amend their complaint" to include class claims related to the cash sweep account theory, "they shall file a motion for leave to file a second amended complaint" or "[a]lternatively, if the Waldens [sought] to proceed with these claims in their individual capacities, they shall file a notice of their intent to do so[.]" ECF No. 190 at 1-2.  The Court further stated if the Waldens "elect[ed] to stand on their amended complaint and not file such a motion or notice by that date, then the dismissal without prejudice set forth in this Order shall be converted to dismissal with prejudice without further notice or Order of Court." *Id*. at 2.  Thereafter, the Waldens moved to amend their complaint to proceed only with class claims related to their cash sweep account theory.  The Court denied their motion.

7

BNY maintains that because the Waldens chose to amend their complaint to include the cash sweep account theory class claims they essentially abandoned their individual claims, and because the Court denied leave to amend, this case is effectively over and dismissal should be converted into dismissal with prejudice. ECF No. 211 at 9-12.  The Waldens respond that the Court's Order simply maintained that dismissal would be converted into one with prejudice if they did not file a motion for leave to amend their complaint nor a notice of intent to proceed with these claims in their individual capacities. ECF No. 214 at 4-5.  The Waldens argue because they did one of these things – filed a motion for leave to amend their complaint – the dismissal did not convert into one with prejudice, they have not abandoned their original individual claims and the dismissal order is interlocutory. *Id*. at 5.

The Court did not present a choice of either seeking leave to amend to include the new class claims or abandoning the individual claims, nor did the order state a failure to proceed with the individual claims at that time would result in the dismissal of the individual claims with prejudice.  Rather, it stated if the Waldens did nothing and stood on their amended complaint, the dismissal would be converted to one with prejudice.

While the Court understands this case's protracted history, this interpretation is akin to how class actions operate, the intent of SLUSA and general due process protections.  That the Waldens first sought to amend their complaint to include new class allegations, instead of pursuing their originally pleaded

individual claims following the dismissal of the class claims as preempted by SLUSA and denial of class certification, does not mean that they abandoned their individual claims when the court denied leave to amend.  After denial of class certification and/or the denial to amend to include new class claims, putative class members may proceed with their individual claims. *See Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 610 (3d Cir. 2018); *Valli v. Avis Budget Grp. Inc*, 162 F.4th 396, 414 (3d Cir. 2025).  Likewise, SLUSA "simply denies plaintiffs the right to use the class-action device to vindicate certain claims"; it does not preclude plaintiffs from bringing state causes of action on an individual basis. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 87 (2006). *See also N. Sound Cap. LLC v. Merck & Co.*, 938 F.3d 482, 491 (3d Cir. 2019).  The Waldens brought their claims individually and on behalf of all others similarly situated. ECF No. 40 at p.1; ¶ 105. Now that they are foreclosed from proceeding as a class, their individual claims remain and their motion to certify for interlocutory appeal under section 1292(b) is appropriate, as no final order has been issued.[3]

### b.  Controlling Questions of Law

The first factor necessary to certify an interlocutory appeal under section 1292(b) is whether the order contains a "controlling question of law."  The Waldens

---

[3]    BNY also argues that the Waldens' motion for certification is untimely because they filed it a year after the Court issued the order dismissing the class claims.  The Court has previously commented on the Waldens' delay as a litigation tactic. *See* ECF No. 204 at 18 n. 9.  But, the Court is not convinced the delay here is an example of unexplained foot-dragging that would compel summarily denying this motion.  After the Court denied their motion to amend their complaint, the Waldens indicated their intent to file the present motion and met the Court's deadline to do so. Given this, and because it is the Court's opinion that this case presents the exact situation in which section 1292(b) was designed for, the Court will not deny the motion based on timeliness.

maintain the following is a controlling question of law: "whether SLUSA deprives the Court of subject matter jurisdiction over Plaintiffs' state law claims related to BNY's failure to disclose its conflicts of interest when it purchased affiliated mutual funds with Plaintiffs' money." ECF No. 209 at 5.  The Court is satisfied this presents a controlling question of law within the meaning of section 1292(b).  The fundamental issue of subject matter jurisdiction "goes to the very power of a court to hear a controversy[,]" and is inherently a controlling question of law. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 238 F. Supp. 3d 723, 732 (E.D. Pa. 2017) (cleaned up). *See also Beazer E., Inc. v. The Mead Corp.*, No. CIV.A.91-408, 2006 WL 2927627, at *2 (W.D. Pa. Oct. 12, 2006) ("the fundamental issue of subject matter jurisdiction is one of the clearest examples of a 'controlling question of law' within the meaning of § 1291(b).").  "A controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974).

If the Court of Appeals for the Third Circuit were to agree with the Waldens that SLUSA does not preempt its class claims for BNY's failure to disclose conflicts of interest, the Court's order would be reversed and the Waldens' class claims would be permitted to proceed.  Thus, whether SLUSA preempts the class claims and whether this Court has subject matter jurisdiction to consider those claims is a controlling question of law under section 1292(b). *See e.g., Taksir v. Vanguard Grp., Inc.*, 273 F. Supp. 3d 539, 552 (E.D. Pa. 2017), *aff'd sub nom. Taksir v. Vanguard*

*Grp.*, 903 F.3d 95 (3d Cir. 2018) (finding SLUSA's applicability to plaintiffs' claim was a controlling issue of law and certifying for interlocutory appeal).

### c. Substantial Grounds for Difference of Opinion

The second factor for interlocutory appeal is whether the question of law presents a "substantial ground for difference of opinion." The Court is likewise satisfied this factor is met. The Court of Appeals for the Third Circuit has not substantively addressed whether SLUSA preempts state law claims for an investment company's failure to disclose conflicts of interest before it purchased affiliated mutual funds with investor's money, and this Court's decision finding SLUSA preemption applied relied on, *inter alia*, a decision from the Court of Appeals for the Seventh Circuit. *See* ECF No. 189 at 21-22 (citing *Holtz v. JPMorgan Chase Bank, N.A.*, 846 F.3d 928 (7th Cir. 2017)). The Waldens have relied on several cases[4] which suggest that SLUSA may not apply when a plaintiff cedes investment authority to the investment company and the company acts accordingly – in other words, because the plaintiff does not make the decisions regarding specific securities transactions - the "in connection with" element of SLUSA is not met. *See* ECF No. 189 at 15-16. While the Court found this argument unpersuasive, the fact that these cases may implicate a conflicting interpretation

---

[4]    These cases include: *Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 380 (2014); *Taskir v. Vanguard Grp.*, 903 F.3d 95 (3d Cir. 2018); *Banks v. N. Tr. Corp.*, 929 F.3d 1046 (9th Cir. 2019); *Bernard v. BNY Mellon, Natl. Assn.*, No. 2:18-cv-0783-NBF-CRE, 2019 WL 2492293 (W.D. Pa. June 14, 2019), and *Henderson v. Bank of New York Mellon Corp.*, 146 F. Supp. 3d 438, 440–41 (D. Mass. 2015).

for SLUSA preemption creates a substantial ground for difference of opinion for its application and this factor is met.

### d.  Materially Advance the Ultimate Termination of the Case

The final factor for an interlocutory appeal is that the order must "materially advance the ultimate termination of the litigation."  The Court is satisfied this factor is clearly met.  If the case were to proceed in this Court as is, the Waldens would proceed with a trial on their individual claims and the Court would enter judgment accordingly.  Any appeal thereafter would inevitably include the same argument raised for interlocutory appeal here: SLUSA does not preempt the class claims.  If, after a trial and judgment, the Third Circuit determines that SLUSA does not preempt the class claims, this case would be remanded back to the class certification phase, essentially starting this case over again, and opens the possibility of having to hold another trial.

The litigation landscape would be substantially truncated if instead the Court of Appeals determines now whether SLUSA preempts the class claims.  If affirmed, this Court would proceed with the Waldens' individual claims.  However, upon remand, this Court would proceed with a class certification motion, possible trial and eventual judgment.  By not certifying this issue for interlocutory appeal, the Court risks having to hold two trials and extending this already six-year-old case several more years.

### V.    Conclusion

Based on the foregoing, the Waldens' motion for certification under 28 U.S.C. § 1292(b) is GRANTED.  An appropriate Order follows.


DATED this 26th day of June, 2026.


BY THE COURT:


s/Christopher B. Brown
United States Magistrate Judge

13